McAdam, C. J.
The defendant is an unincorporated benevolent association, consisting of more than seven members, and it is sued according to the statute, in the name of its treasurer, by the plaintiff, the widow of Peter Eberle, who died while a member of the order. The action is to recover $500, which the widow claims she is entitled to receive under the constitution and by-laws of the association. It has been stipulated that, if entitled to recover, the plaintiff shall have judgment for $250, so that the question of damages is no longer an issue in the case, and the contention is narrowed -down to the right of the plaintiff to maintain the action against the defendant. Two objections are urged to a recovery.
First. It is said that the plaintiff’s husband was not a member in good standing in the order at the time of his death, because on the 22d day of April, 1885, the said Peter *489 Eberle was in arrears to his lodge in the sum of four dollars and sixty-five cents, and that for such default the said Peter Eberle was on the evening of that day suspended from the association. But section 14 of the by-laws, authorizing the suspension of members, only applies to those who have been in arrears for four months ; and there is no proof that Eberle was in arrears for this length of time, so that the suspension was unauthorized, and in consequence illegal and inoperative.
Second. That the remedy of the plaintiff is against the “ grand conclave ” and not against the defendant, which is merely a subordinate lodge, not charged with the duty of levying assessments to pay death benefits, nor with the duty of paying them when the assessments levied for the purpose have been collected.
It appears that by the scheme of the order subordinate lodges are called “ conclaves,” and the grand lodge or central body the “ grand conclave.” The constitution and by-laws to which Eberle subscribed and by which he is bound, provide the following system of levying and paying death benefits:
“Article sixth. The grand conclave makes the assessment in all cases of death; the subordinate conclave collects the assessment from its own members after notice of the death of a member.”
“Article seventh. The constitution of the grand conclave governs each subordinate conclave, and each subordinate conclave pays to the grand conclave the sum of fifty cents for each and every member on its roll, and when collected by the grand conclave a committee of five members pay it over to the widow.”
By these provisions it will be observed that the “ grand conclave ” makes the assessments in case of death, and each subordinate lodge after notice so to do collects assessments from its own members at the rate of fifty cents for each member on its roll, and that after the assessments are levied and collected by the grand conclave a committee of five members selected by the grand conclave pay the death benefits *490 thus collected over to the widow. It is neither alleged nor proved that the “ grand conclave ” levied any assessments in this instance or that it has collected any funds for death benefits from the subordinate conclaves, or that it has paid over to the defendant or to any committee appointed by it any moneys with directions to pay the same to the widow, nor is it alleged or proved that the defendant, as a subordinate lodge, failed to perform any duty owing to the plaintiff in this respect. Under the circumstances no cause of action has been established against the defendant. The constitution and by-laws of an unincorporated association providing for sick or death benefits is in the nature of a contract, and a recovery thereon can only be had by alleging and proving a breach of its terms by the party against whom the recovery is sought.
The mode of collecting death benefits in this order may be circuitous, but it is made so by the provisions to which Eberle on becoming a member assented. They apply alike to all similarly situated, and are binding on all who assented to them. It does not follow that the plaintiff is remediless. Her remedy is to require the grand and subordinate conclaves to perform their duty in the premises, and if they refuse to do so an action for breach of duty will no doubt lie.
The complaint must be dismissed, with costs, and without prejudice to a new action on a proper complaint charging the grand or subordinate conclave with breach of the duty imposed upon them by the constitution and by-laws of their order.